IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROTISH V. SINGH,

                Plaintiff,

        v.

H. ENRIQUEZ *et al.*,

                Defendants.

Case No. 2:17-cv-01721-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Rotish Singh ("Singh"), an adult in custody ("AIC") of the Oregon Department of Corrections ("ODOC"), filed this 42 U.S.C. § 1983 action against several ODOC employees ("Defendants") in 2017. The Court recently granted in part and denied in part Defendants' motion for summary judgment (ECF No. 131), and Singh moved for reconsideration (ECF No. 164).

The Court has reviewed Singh's motion, but denies his request to reconsider the Court's prior opinion. Singh argues that disputed material facts preclude summary judgment, pointing to Sergio Maya-Aleman's declaration stating that Singh was in "extreme discomfort" during his April 2017 stay in the Disciplinary Segregation Unit ("DSU") without the requested extra pillow.

PAGE 1 – OPINION AND ORDER

(Pl.'s Mot. at 2-3.) However, Mr. Maya-Aleman's testimony does not contradict the record evidence on which the Court relied in concluding that Plaintiff had access to medication for his mild gastroesophageal reflux disease ("GERD"), did not take his medication, did not complain of symptoms, and could have alleviated any symptoms by other means. (Op. & Order at 11-12.)

Furthermore, Singh relies in part on *Rowe v. Gibson*, 798 F.3d 622, 627 (7th Cir. 2015), in which the court found that material fact issues precluded summary judgment where prison officials had denied the adult in custody access to Zantac to treat his GERD. (Pl.'s Mot. at 3.) However, *Rowe* is distinguishable because unlike the plaintiff in that case, Singh had access to medication to treat his GERD symptoms, and the summary judgment record here includes reports about Singh not using his medication or complaining of GERD symptoms. (Op. & Order at 11-12.)

On the record before the Court, even viewing the facts in the light most favorable to Singh, no reasonable juror could conclude that Defendants knew of and disregarded an excessive risk to Singh's health and safety by failing to provide him an extra pillow during his DSU stay. (*Id.* at 12.)

## CONCLUSION

Based on the foregoing reasons, the Court denies Singh's motion for reconsideration of the Court's opinion and order granting in part and denying in part Defendants' motion for summary judgment (ECF No. 164). A four-day jury trial on Singh's breach of contract claims is set to begin on November 28, 2022.

**IT IS SO ORDERED.**

DATED this 20th day of April, 2022.

*Stacie F. Beckerman*

**HON. STACIE F. BECKERMAN**
United States Magistrate Judge

PAGE 2 – OPINION AND ORDER